IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:06-00583-TLW |
| | ) | |
| vs. | ) | |
| | ) | |
| SEAN LEE RANDALL | ) | |
| | ) | |

This matter is before the Court on Defendant's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Defendant seeks "relief from his Sentence under the applicable statue, § 3582(c)(2) due to Amendment 12., Criminal History."[1] The Government opposes this motion.

Defendant pled guilty as to count one of the indictment in this case on September 5, 2006.[2] He was sentenced to a 228 month term of imprisonment on April 26, 2007. At the sentencing hearing, Defendant received a downward departure pursuant to 5K1.1 and a variance from criminal history category VI down to category IV. This Court entered judgment in this case on April 30, 2007. On June 8, 2010, the Court granted a reduction pursuant to Rule 35(b) and sentenced Defendant to a 180 month term of imprisonment.

A judgment of conviction that includes a sentence of imprisonment is generally considered a final judgment for all purposes. The relevant portion of 18 U.S.C. § 3582(c) reads as follows:

---

[1] As an initial matter, the Court notes that although Defendant refers to "Amendment 12," the Amendment Defendant is referring to and discusses in his motion is Amendment 709 (effective November 1, 2007) which addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score.

[2] Count 6 was dismissed upon motion of the government.

1

(c)   Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that–
(1)   in any case--

**(A)**   the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)**   the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2)   in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c).

There are very limited circumstances which allow a court to modify a term of imprisonment. 18 U.S.C. § 3582(c). Those limited circumstances only allow a court to modify a term of imprisonment if "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends

the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). In this case, the Director of the Bureau of Prisons has not filed any motions. The Government has not filed a Rule 35 motion at this time and has opposed the Defendant's motion.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**." (Emphasis added). The applicable policy statement is found in U.S.S.G. § 1B1.10(a). This section provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.

The Fourth Circuit has held that only amendments listed in § 1B1.10(c) may be the subject of a motion under 18 U.S.C. § 3582(c)(2). See United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004). As of the date of this order, Amendment 709 is not listed in U.S.S.G. § 1B1.10(c). As Amendment 709 does not apply retroactively, it is inapplicable to this case. United States v. Moss, No. 10-6316, 2010 WL 2640086, at *1 (4th Cir. June 28, 2010) (unpublished); United States v. White, Nos. 9-7790, -2136, 2010 WL 1735508, at *1 (4th Cir. Apr. 29, 2010) (unpublished); United

States v. Jennings, No. 1:05CR00021, 2008 WL 114912, at *1 (W.D.Va. Jan. 11, 2008).

Even considering the specific challenges raised by Defendant, this Court still concludes that Defendant is not entitled to any relief. Defendant contends that in paragraph 28 of his Presentence Investigation Report he should not have been assessed three points for his assault with a deadly weapon conviction. In support of his argument cites to Section 4A1.1's application note language that indicates that "[a]n adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if imposed within five years of the defendant's commencement of the current offense." Although this is a correct statement of the law, it provides Defendant no relief because Defendant was 23 years old when he committed the offense set forth in paragraph 28. Additionally, Defendant was assessed criminal history points for the conviction in paragraph 28 pursuant to Section 4A1.1(a). Application note 1 which addresses 4A1.1(a) indicates that "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." (emphasis added)  As Defendant pled guilty to a drug conspiracy that began in or around 2003, this brings the 1993 conviction for assault with a deadly weapon within the fifteen year time limit.

Next, Defendant contends that he should not have received one criminal history point in paragraph 30 for his prior convictions for petit larceny and trespassing. In support of this argument, he cites Section 4A1.1's application note that "[a] sentence imposed more than ten years prior to the commencement of the instant offense is not counted." (emphasis added).  Again, this is a correct statement of the law, but it provides no relief for Defendant.  Section 4A1.2(e)(2) clarifies that in evaluating the applicable time periods, "[a]ny other prior sentence that was imposed within ten years

4

of the defendant's commencement of the instant offense is counted." Again, Defendant pled guilty to a drug conspiracy that began in or around 2003. This brings the 1995 convictions for trespassing and petit larceny within the ten year time limit.

Lastly, Defendant contends that he should not have received one criminal history point in paragraph 32 for his prior conviction for escape. One criminal history point for this conviction was properly awarded because he received a sentence of 35 days. See U.S.S.G. § 4A1.1(c) (providing for the assessment of 1 point for sentences less than sixty days).

The Court also notes that as Defendant was deemed a career offender, any alleged issues with regards to calculating criminal history points would have been irrelevant. All career offenders are placed in criminal history category VI.

This Court has carefully reviewed Defendant's motion, the Presentence Investigation Report that was prepared in Defendant's case, as well as, the relevant statutes, guideline sections and guideline amendments. Having fully considered this matter and for the reasons stated above, the Court concludes that Defendant's motion is without merit. Accordingly, Defendant's motion (Doc. # 566) is **DENIED**.

**IT IS SO ORDERED.**

                                                      s/ Terry L. Wooten
                                                     **TERRY L. WOOTEN**
                                                     **UNITED STATES DISTRICT JUDGE**

August 15, 2011
Florence, South Carolina