IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sean Lee Randall,<br><br>  PETITIONER<br><br>  v.<br><br>United States of America,<br><br>  RESPONDENT | Crim. No. 4:06-cr-00583-TLW-3<br>C/A No. 4:16-cv-01867-TLW<br><br><br>**Order** |

  Petitioner Sean Lee Randall pled guilty to a drug conspiracy charge and was sentenced as a career offender to 228 months imprisonment.[1]  ECF No. 353.  In his § 2255 petition, he asserts that he should be resentenced without the application of the career offender enhancement.  He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the identically-worded residual clause in the career offender sentencing guideline, formerly found at § 4B1.2(a)(2).[2]

  The Supreme Court has now foreclosed Petitioner's argument, holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."  *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *see also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding

---

[1] He received a downward departure at sentencing pursuant to the Government's motion under § 5K1.1.  His sentence was later reduced to 180 months pursuant to the Government's Rule 35(b) motion.  ECF No. 516.  His sentence was then further reduced to 151 months pursuant to a guideline amendment.  ECF No. 603.

[2] After the *Johnson* decision, the career offender guideline was revised and the residual clause was deleted.  *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

1

that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255). Accordingly, Petitioner's petition for relief pursuant to § 2255, ECF No. 739, is **DENIED**. This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing in light of *Beckles*, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 9, 2017
Columbia, South Carolina

---

[3] The Court did not require the Government to file a post-*Beckles* response in this case because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b). However, the Court notes that the Government filed a response in a similar § 2255 case, asserting that the petition should be denied in light of *Beckles*. *See Swinton v. United States*, No. 4:08-cr-00368-TLW-1, ECF No. 356.